IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY, as subrogee of Phillip and Sabrina Scott, <br><br> Plaintiff, <br><br> v. <br><br> GENERAL ELECTRIC COMPANY & GENERAL ELECTRIC APPLIANCES, INC., <br><br> Defendants. | ) ) ) ) ) ) Case No. ) ) ) ) JURY DEMAND ) ) ) ) ) |

## COMPLAINT

Plaintiff, STATE FARM FIRE AND CASUALTY COMPANY (hereafter, "State Farm"), as subrogee of Phillip and Sabrina Scott (hereafter, "the Scotts"), by and through their attorneys, GROTEFELD, HOFFMANN, GORDON, OCHOA & EVINGER, LLP, complains of Defendants, GENERAL ELECTRIC COMPANY and GENERAL ELECTRIC APPLIANCES, INC. (hereafter, "GE") and for its Complaint, states the following:

## PARTIES

1. State Farm is an Illinois corporation with its principal place of business at 1 State Farm Plaza, Bloomington, Illinois 61710.

2. At all times relevant, State Farm was licensed to do business in the State of Indiana as an insurance company.

3. At all times relevant, the Scotts resided at the insured property located at 58778 Scarborough Lane, Goshen, Indiana, 46528 (hereafter, "the residence").

4. At all times relevant, the Scotts held a policy of insurance written by State Farm which, *inter-alia*, provided insurance coverage for property damage and other related expenses stemming from risks to property, such as fire.

5. Upon information and belief, and all times relevant, Defendant General Electric Company was a Massachusetts corporation, with its principal place of business located at 5 Necco Street, Boston, Massachusetts, 02210.

6. At all times relevant, Defendant General Electric Company distributed and/or sold products throughout the United States, including Indiana, and otherwise transacted business within Indiana.

7. Upon information and belief, and all times relevant, Defendant General Electric Appliances, Inc. was a Kentucky corporation, with its principal place of business located at 4000 Buechel Bank Road, Louisville, Kentucky 40225.

8. At all times relevant, Defendant General Electric Appliances, Inc. distributed and/or sold products throughout the United States, including Indiana, and otherwise transacted business within Indiana.

**JURISDICTION & VENUE**

9. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(a)(1), as the amount in controversy exceeds $75,000.00, and there is diversity of citizenship. Plaintiff State Farm is an Illinois corporation with its principal place of business in Bloomington, Illinois. Defendant General Electric Company is a Massachusetts corporation with its principal place of business in Boston, Massachusetts. Defendant General Electric Appliances, Inc. is a Kentucky corporation with its principal place of business in Louisville, Kentucky.

10. Venue is proper in this Court pursuant to U.S.C. § 1391(b)(2) as the real and personal property damage that is the subject of this Complaint occurred in Goshen, Indiana.

## FACTUAL ALLEGATIONS.

11. In 2011, upon information and belief, Defendant GE designed, manufactured, assembled, tested, inspected, distributed, marketed, and/or sold the subject dryer to the Scotts in their purchase of the residence.

12. The Scotts used the dryer for its normal and intended purpose and use.

13. On or about August 25, 2019, a fire occurred within the residence, causing substantial damage to the home and its contents.

14. Subsequent investigation into the origin and cause of the fire revealed it originated within the dryer and was caused by an electrical failure of a circuit board within the GE unit.

15. From the time of purchase to the August 25, 2019 fire, there had been no alterations or repairs made to the dryer unit.

16. Under the terms of the insurance policy referenced in paragraph four, and upon demand by the Scotts, State Farm paid $269,992.70 to or on behalf of the Scotts for damages sustained as a result of the fire loss. The Scotts also incurred a $1,115.00 deductible loss pursuant to the State Farm policy.  In consideration of this payment, and by operation of law, State Farm became an actual bona fide subrogee of the Scotts for a claim of $271,107.70 and became subrogated to the rights and claims of the Scotts against any person or entity determined to have proximately caused the damages to the Scott residence and its contents.

## COUNT I
## NEGLIGENCE: GENERAL ELECTRIC COMPANY

17. Plaintiff incorporates by reference the allegations contained in paragraph 1 through 16 of this Complaint, as though fully set forth in this Count I.

18. At all relevant times, Defendant GE had a duty to exercise reasonable care in designing, manufacturing, assembling, testing, inspecting, distributing, marketing, and selling the dryer unit.

19. Notwithstanding this duty, and in breach thereof, Defendant GE, by and through its employees, agents, and/or representatives, was negligent in one or more of the following ways:

   a. Defendant GE failed to properly manufacture and/or assemble the dryer unit; and/or

   b. Defendant GE failed to properly design the dryer unit in that the unit could overheat and ignite nearby combustibles thus constituting a substantial risk of fire; and/or

   c. Defendant GE failed to properly design the dryer unit in that it did not contain a safety mechanism that would shut down the operation of the unit once it reached an overheated condition; and/or

   d. Defendant GE failed to properly test the dryer unit; and/or

   e. Defendant GE failed to adequately inspect the dryer unit; and/or

   f. Defendant GE failed to provide proper warning to consumers, including the Scotts, that the dryer unit was not adequately protected from reaching an overheated condition and constituted a substantial risk of fire; and/or

   g. Defendant GE failed to provide proper warning to consumers, including the Scotts, that the dryer unit did not contain a safety mechanism that would shut down the unit's operation when it reached an overheated condition and constituted a substantial risk of fire; and/or

   h. Defendant GE failed to correct and/or remedy known defects and/or known dangerous conditions within the dryer unit; and/or

   i. Defendant GE was otherwise negligent in performance of its duties.

20. As a direct and proximate result of the negligent acts and/or omissions on the part of Defendant GE, a fire originated within the dryer unit on or about August 25, 2019, causing substantial damage to the Scott residence and its contents.

21. State Farm paid $269,992.70 to or on behalf of the Scotts as indemnification and reimbursement for property damage stemming from the August 25, 2019 fire.

22. The Scotts also incurred a $1,115.00 deductible loss pursuant to the terms of the State Farm policy.

WHEREFORE, State Farm Fire and Casualty Company, as subrogee of Phillip and Sabrina Scott, hereby prays that judgment be entered in its favor and against General Electric Company in the amount of $271,107.70, plus costs, and for such further relief that this Court deems equitable and just.

## COUNT II
## STRICT PRODUCT LIABILITY: GENERAL ELECTRIC COMPANY

23. State Farm incorporates by reference the allegations contained in paragraph 1 through 16 of this Complaint, as though fully set forth in this Count II.

24. The dryer unit sold by Defendant GE was offered for sale to the general public and consumers, including the Scotts.

25. The dryer unit was expected to reach the general public, including the Scotts, in the condition in which it was designed, manufactured, tested, distributed, marketed, and sold.

26. The dryer unit in the Scott residence was in the same condition from the time it left the manufacturer to the time of the fire on August 25, 2019.

27. At the time it left the control of Defendant GE, the dryer unit was unreasonably dangerous and defective in light of its foreseeable and intended use, in one or more of the following ways:

   a. The dryer unit was designed, manufactured, assembled, and/or distributed in such a way as to cause electrical failure and the circuit board to overheat; and/or

   b. The dryer unit was designed, manufactured, assembled, and/or distributed in such a way as to cause an electrical malfunction and ignite a fire; and/or

    c. The dryer unit was designed, manufactured, assembled and/or distributed without safety devices to prevent a fire from occurring; and/or

    d. The dryer unit was designed, manufactured, assembled and/or distributed with a faulty circuit board that allowed the circuit board to overheat, malfunction and cause a fire; and/or

    e. The dryer unit was designed, manufactured, assembled and/or distributed with a cooling system not capable of preventing the circuit board from overheating, malfunctioning, and causing a fire; and/or

    f. The dryer unit was designed, manufactured, assembled and/or distributed in such a way to cause failure of the circuit board so that the circuit board could overheat, malfunction, and cause a fire, and/or

    g. The dryer unit was designed, manufactured, assembled, and/or distributed with faulty and defective component parts, including but not limited to the software, cooling system and/or the circuit board; and/or

    h. The dryer unit was defectively designed in that its unit could overheat and ignite nearby combustibles and thus created a substantial risk of fire.

28. As a direct and proximate result of the foregoing defects and/or unreasonably dangerous and unsafe conditions of the dryer unit, present at the time it left Defendant GE's control and was sold to the Scott residence, a fire originated within the dryer unit on or about August 25, 2019, causing substantial damage to the Scott residence and its contents.

29. State Farm paid $269,992.70 to or on behalf of the Scotts as indemnification and reimbursement for property damage stemming from the August 25, 2019, fire.

30. The Scotts also incurred a $1,115.00 deductible loss pursuant to the terms of the State Farm policy.

    WHEREFORE, State Farm Fire and Casualty Company, as subrogee of Phillip and Sabrina Scott, hereby prays that judgment be entered in its favor and against General Electric Company in the amount of $271,107.70, plus costs, and for such further relief that this Court deems equitable and just.

## COUNT III
## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY: GENERAL ELECTRIC COMPANY

31. Plaintiff incorporates by reference the allegations contained in paragraph 1 through 16 of this Complaint, as though fully set forth in this Count III.

32. At all relevant times, Defendant GE was a merchant of the dryer unit.

33. At the time of sale, the dryer unit was not of merchantable quality, and was unfit for the ordinary purpose for which it was used for one or more of the foregoing reasons:

   a. The dryer unit contained one or more manufacturing defects; and/or

   b. The dryer unit was defectively designed in that it did not contain a safety mechanism that would shut down the operation of the unit once it reached an overheated condition; and/or

   c. The dryer unit was defectively assembled in that it did not contain a safety mechanism that would shut down the operation of the unit once it reached an overheated condition; and/or

   d. The dryer unit lacked adequate warnings to the consuming public, including the Scotts, that it was not adequately protected from reaching an overheated condition and thus created a substantial risk of fire; and/or

   e. The dryer unit did not contain adequate warnings to the consuming public, including the Scotts, that it did not contain a safety mechanism that would shut down the unit's operation when it reached an overheated condition and constituted a substantial risk of fire; and/or

   f. The dryer unit was defectively designed in that its unit could overheat and ignite nearby combustibles and thus created a substantial risk of fire.

34. Within a reasonable time after the Scotts discovered the dryer unit was not of merchantable quality, and was unfit for the ordinary purpose for which it was used, Defendant GE was notified.

35. As a direct and proximate result of Defendant GE's breach of the implied warranty of merchantability, a fire originated within the dryer unit on or about August 25, 2019, causing substantial damage to the Scott residence and its contents.

36. State Farm paid $269,992.70 to or on behalf of the Scotts as indemnification and reimbursement for property damage stemming from the August 25, 2019 fire.

37. The Scotts also incurred a $1,115.00 deductible loss pursuant to the terms of the State Farm policy.

WHEREFORE, State Farm Fire and Casualty Company, as subrogee of Phillip and Sabrina Scott, hereby prays that judgment be entered in its favor and against General Electric Company in the amount of $271,107.70, plus costs, and for such further relief that this Court deems equitable and just.

## COUNT IV
## NEGLIGENCE: GENERAL ELECTRIC APPLIANCES, INC.

38. Plaintiff incorporates by reference the allegations contained in paragraph 1 through 16 of this Complaint, as though fully set forth in this Count IV.

39. At all relevant times, Defendant GE had a duty to exercise reasonable care in designing, manufacturing, assembling, testing, inspecting, distributing, marketing, and selling the dryer unit.

40. Notwithstanding this duty, and in breach thereof, Defendant GE, by and through its employees, agents, and/or representatives, was negligent in one or more of the following ways:

   a. Defendant GE failed to properly manufacture and/or assemble the dryer unit; and/or

   b. Defendant GE failed to properly design the dryer unit in that the unit could overheat and ignite nearby combustibles thus constituting a substantial risk of fire; and/or

8

    c. Defendant GE failed to properly design the dryer unit in that it did not contain a safety mechanism that would shut down the operation of the unit once it reached an overheated condition; and/or

    d. Defendant GE failed to properly test the dryer unit; and/or

    e. Defendant GE failed to adequately inspect the dryer unit; and/or

    f. Defendant GE failed to provide proper warning to consumers, including the Scotts, that the dryer unit was not adequately protected from reaching an overheated condition and constituted a substantial risk of fire; and/or

    g. Defendant GE failed to provide proper warning to consumers, including the Scotts, that the dryer unit did not contain a safety mechanism that would shut down the unit's operation when it reached an overheated condition and constituted a substantial risk of fire; and/or

    h. Defendant GE failed to correct and/or remedy known defects and/or known dangerous conditions within the dryer unit; and/or

    i. Defendant GE was otherwise negligent in performance of its duties.

41.    As a direct and proximate result of the negligent acts and/or omissions on the part of Defendant GE, a fire originated within the dryer unit on or about August 25, 2019, causing substantial damage to the Scott residence and its contents.

42.    State Farm paid $269,992.70 to or on behalf of the Scotts as indemnification and reimbursement for property damage stemming from the August 25, 2019 fire.

43.    The Scotts also incurred a $1,115.00 deductible loss pursuant to the terms of the State Farm policy.

    WHEREFORE, State Farm Fire and Casualty Company, as subrogee of Phillip and Sabrina Scott, hereby prays that judgment be entered in its favor and against General Electric Appliances, Inc. in the amount of $271,107.70, plus costs, and for such further relief that this Court deems equitable and just.

## COUNT V
## STRICT PRODUCT LIABILITY: GENERAL ELECTRIC APPLIANCES, INC.

44. State Farm incorporates by reference the allegations contained in paragraph 1 through 16 of this Complaint, as though fully set forth in this Count V.

45. The dryer unit sold by Defendant GE was offered for sale to the general public and consumers, including the Scotts.

46. The dryer unit was expected to reach the general public, including the Scotts, in the condition in which it was designed, manufactured, tested, distributed, marketed, and sold.

47. The dryer unit in the Scott residence was in the same condition from the time it left the manufacturer to the time of the fire on August 25, 2019.

48. At the time it left the control of Defendant GE, the dryer unit was unreasonably dangerous and defective in light of its foreseeable and intended use, in one or more of the following ways:

   a. The dryer unit was designed, manufactured, assembled, and/or distributed in such a way as to cause electrical failure and the circuit board to overheat; and/or

   b. The dryer unit was designed, manufactured, assembled, and/or distributed in such a way as to cause an electrical malfunction and ignite a fire; and/or

   c. The dryer unit was designed, manufactured, assembled and/or distributed without safety devices to prevent a fire from occurring; and/or

   d. The dryer unit was designed, manufactured, assembled and/or distributed with a faulty circuit board that allowed the circuit board to overheat, malfunction and cause a fire; and/or

   e. The dryer unit was designed, manufactured, assembled and/or distributed with a cooling system not capable of preventing the circuit board from overheating, malfunctioning, and causing a fire; and/or

   f. The dryer unit was designed, manufactured, assembled and/or distributed in such a way to cause failure of the circuit board so that the circuit board could overheat, malfunction, and cause a fire, and/or

  g. The dryer unit was designed, manufactured, assembled, and or/distributed with faulty and defective component parts, including but not limited to the software, cooling system and/or the circuit board; and/or

  h. The dryer unit was defectively designed in that its unit could overheat and ignite nearby combustibles and thus created a substantial risk of fire.

49. As a direct and proximate result of the foregoing defects and/or unreasonably dangerous and unsafe conditions of the dryer unit, present at the time it left Defendant GE's control and was sold to the Scott residence, a fire originated within the dryer unit on or about August 25, 2019, causing substantial damage to the Scott residence and its contents.

50. State Farm paid $269,992.70 to or on behalf of the Scotts as indemnification and reimbursement for property damage stemming from the August 25, 2019, fire.

51. The Scotts also incurred a $1,115.00 deductible loss pursuant to the terms of the State Farm policy.

  WHEREFORE, State Farm Fire and Casualty Company, as subrogee of Phillip and Sabrina Scott, hereby prays that judgment be entered in its favor and against General Electric Appliances, Inc. in the amount of $271,107.70, plus costs, and for such further relief that this Court deems equitable and just.

**COUNT VI**
**BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY: GENERAL ELECTRIC APPLIANCES, INC.**

52. Plaintiff incorporates by reference the allegations contained in paragraph 1 through 16 of this Complaint, as though fully set forth in this Count VI.

53. At all relevant times, Defendant GE was a merchant of the dryer unit.

54. At the time of sale, the dryer unit was not of merchantable quality, and was unfit for the ordinary purpose for which it was used for one or more of the foregoing reasons:

    a. The dryer unit contained one or more manufacturing defects; and/or

    b. The dryer unit was defectively designed in that it did not contain a safety mechanism that would shut down the operation of the unit once it reached an overheated condition; and/or

    c. The dryer unit was defectively assembled in that it did not contain a safety mechanism that would shut down the operation of the unit once it reached an overheated condition; and/or

    d. The dryer unit lacked adequate warnings to the consuming public, including the Scotts, that it was not adequately protected from reaching an overheated condition and thus created a substantial risk of fire; and/or

    e. The dryer unit did not contain adequate warnings to the consuming public, including the Scotts, that it did not contain a safety mechanism that would shut down the unit's operation when it reached an overheated condition and constituted a substantial risk of fire; and/or

    f. The dryer unit was defectively designed in that its unit could overheat and ignite nearby combustibles and thus created a substantial risk of fire.

55. Within a reasonable time after the Scotts discovered the dryer unit was not of merchantable quality, and was unfit for the ordinary purpose for which it was used, Defendant GE was notified.

56. As a direct and proximate result of Defendant GE's breach of the implied warranty of merchantability, a fire originated within the dryer unit on or about August 25, 2019, causing substantial damage to the Scott residence and its contents.

57. State Farm paid $269,992.70 to or on behalf of the Scotts as indemnification and reimbursement for property damage stemming from the August 25, 2019 fire.

58. The Scotts also incurred a $1,115.00 deductible loss pursuant to the terms of the State Farm policy.

WHEREFORE, State Farm Fire and Casualty Company, as subrogee of Phillip and Sabrina Scott, hereby prays that judgment be entered in its favor and against General Electric Appliances, Inc. in the amount of $271,107.70, plus costs, and for such further relief that this Court deems equitable and just.

>Respectfully submitted,
>
>STATE FARM FIRE AND CASUALTY COMPANY,
>
>By: _____*/s/ Brad M. Gordon*_____
>    One of Its Attorneys

Brad M. Gordon
GROTEFELD, HOFFMANN, GORDON, OCHOA & EVINGER, LLP
311 S. Wacker Drive, Suite 1500
Chicago, IL 60606
Telephone: 312.551.0200
Facsimile: 312.601.2402
bgordon@ghlaw-llp.com
21913-45